# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**JAMES D. PAHOUNDIS,**

    **Plaintiff,**

    v.

**COSHOCTON COUNTY JOB
AND FAMILY SERVICES a/k/a
COSHOCTON WELFARE DEPT.,**
*et al.*,

    **Defendants.**

**Civil Action 2:19-cv-176
Judge Michael H. Watson
Chief Magistrate Judge Elizabeth P. Deavers**

## ORDER AND INITIAL SCREEN REPORT AND RECOMMENDATION

Plaintiff, an Ohio resident who is proceeding without the assistance of counsel, brings this action against Defendants Coshocton County Job and Family Services a/k/a Coshocton Welfare Dept. ("County JFS") and the following three individuals: Danny Brenneman, "Director," Joan Durben, "Public Assistance Administrative," and Mary Deeter, "Supervisor." This matter is before the Court for consideration of Plaintiff's Motion for Leave to Proceed *in forma pauperis*, which is **GRANTED**. (ECF No. 1.) All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a). This matter is also before the Court *sua sponte* for an initial screen of Plaintiff's Complaint as required by 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** this action in its entirety.

**I.**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \*   \*   \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the

---

[1]Formerly 28 U.S.C. § 1915(d).

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* ain complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

In addition, a federal court has limited subject matter jurisdiction. "The basic statutory grants of federal court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which

provides for '[f]ederal-question' jurisdiction, and § 1332, which provides for '[d]iversity of citizenship' jurisdiction." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006). Federal-question jurisdiction is invoked when a plaintiff pleads a claim "arising under" the federal laws, the Constitution, or treaties of the United States. *Id*. (citation omitted). For a federal court to have diversity jurisdiction pursuant to Section 1332(a), there must be complete diversity, which means that each plaintiff must be a citizen of a different state than each defendant, and the amount in controversy must exceed $75,000. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

## II.

Plaintiff's Complaint in its entirety states as follows:

> I James D. Pahoundis, Pro se is low income priority. And I have a Federal Social Security Claim; they denied me of federal Supplement Nutrition Assistance Program, (SNAP). Violating my 8th Amendment of Curel and unuisal Punishment. On October 10 2018. And Now I Realized I don't have Maidicade nor obama Care! Nor Cash assistance. Ohio Directional Card # 5077 0001 5889 7253.

(ECF No. 1-1 at PAGEID # 6.)

The Complaint does not contain "a short and plain statement of the grounds for the court's jurisdiction[,]" Fed. R. Civ. P. 8(a)(1), because Plaintiff has failed to exhaust his administrative remedies, has failed to allege a claim arising under federal law, and it does not appear that complete diversity exists. Plaintiff apparently asserts a claim purportedly arising under 42 U.S.C. § 1983 for alleged violations of his rights under the Eighth Amendment to the United States Constitution based on an alleged denial of assistance from the Supplemental Nutrition Assistance Program ("SNAP"). (ECF No. 1-1 at PAGEID # 6.) However, Plaintiff does not allege that he requested a hearing regarding the denial of such benefits or otherwise appealed the adverse decision. (*See id*.) Based on this record, Plaintiff has not exhausted his administrative remedies, depriving this Court of subject matter jurisdiction. *Cf. Stoyer v. Ohio*

4

*Dep't of Job & Family Servs.*, No. 09AP–236, 2009 WL 4861444, at *5 (Ohio Ct. App. 10 Dist. Dec. 17, 2009) ("Furthermore, we note that in challenging his food stamp benefits, appellant has received a state hearing, an administrative appeal, and an appeal to the court of common pleas, as well as the instant appeal."); *see also* https://jfs.ohio.gov/ols/bsh/State-Hearing--Request-Page.stm (advising how to request a state hearing); *Roberts v. Morvac*, No. 6:18-cv-196, 2018 WL 6004666, at *2 n.2 (E.D. Ky. Nov. 15, 2018) ("The Court takes judicial notice of undisputed information contained on government websites, *Demis v. Sniezek*, 558 F. 3d 508, 513 n.2 (6th Cir. 2009), and may consider such information when determining whether a claim must be dismissed for failure to state a claim, *Lovelace v. Software Spectrum, Inc.*, 78 F. 3d 1015, 1017–18 (5th Cir. 1996).").

Even if he had exhausted his administrative remedies, Plaintiff fails to provide factual allegations sufficient to state a plausible cause of action. *See Iqbal*, 556 U.S. at 678. Plaintiff does not allege specific wrongful conduct by any named Defendant. Plaintiff's limited assertions therefore do not support any claim arising under Section 1983 against any of the Defendants. *Id.*; *see also Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989) (providing that a party cannot be held liable under Section 1983 unless the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984) (stating that, "[a]t a minimum a [Section] 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct").[1]

---

[1] County JFS, as an "arm of the state," may also enjoy sovereign immunity. *See Jones v. Job and Family Servs.*, No. 1:16-cv-1112, 2016 WL 8667830, at *2 (S.D. Ohio Dec. 9, 2016) (noting that the court had previously found that a county department of job and family services "is an 'arm of the state' entitled to sovereign immunity for purposes of the activities implicated in this action" (citing *Gamble v. Ohio Dep't of Job & Family Servs.*, No. 1:03-cv-452, 2006 WL 38996 (S.D. Ohio Jan. 5, 2006))).

Finally, even if Plaintiff's Complaint could be construed as asserting a state-law claim, Plaintiff cannot successfully invoke this Court's diversity jurisdiction because Plaintiff and Defendants are all Ohio residents. (ECF No. 1-1 at PAGEID # 4 (listing Plaintiff's address in Warsaw, Ohio); #5 (listing Coshocton, Ohio as address for Defendants). In addition, the amount in controversy is less than $75,000. (ECF No. 1-1 at PAGEID # 7 (identifying requested relief as a ruling "on all my motion").) Accordingly, the undersigned cannot discern a basis for diversity jurisdiction.

### III.

For the reasons explained above, the Court lacks subject matter jurisdiction over this action and, even if the Court did have jurisdiction, Plaintiff has failed to state a claim upon which relief may be granted. It is therefore **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED** in its entirety.

### PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the

magistrate judge's recommendations constituted a waiver of [th defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

    **IT IS SO ORDERED**.

Date: January 22, 2019                                   /s/ *Elizabeth A. Preston Deavers*
                                                                              ELIZABETH A. PRESTON DEAVERS
                                                                              CHIEF UNITED STATES MAGISTRATE JUDGE